IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. CR 08-1098 RB |
| ) | |
| ) | |
| RONALD KIRK WHITTAKER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's (Mr. Whittaker's) Motion for Judgment of Acquittal Pursuant to Federal Rule of Criminal Procedure 29 (Doc. 77), filed on August 26, 2008. Having considered the record, arguments of counsel, and being otherwise fully advised, the Court finds that this motion should be denied.

**I.   Background.**

On August 18-21, 2008, Mr. Whittaker, along with Co-Defendant, Sheldon Anthony Reynolds ("Mr. Reynolds"), were tried before a jury and found guilty of (1) conspiracy to possess with intent to distribute 100 kilograms and more of marijuana in violation of 21 U.S.C. §846; and (2) possession with intent to distribute 100 kilograms and more of marijuana in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B) and aiding and abetting in violation of 18 U.S.C. § 2.

On August 26, 2008, Mr. Whittaker filed a timely motion for judgment of acquittal on the grounds that the government failed to present sufficient evidence that Mr. Whittaker conspired with Mr. Reynolds to possess the marijuana with intent to distribute and failed to present sufficient evidence that Mr. Whittaker knowingly possessed the marijuana.

**II.     Standard.**

In considering a motion for judgment of acquittal challenging the sufficiency of the evidence, the standard is whether taking the evidence, both direct and circumstantial, together with the reasonable inferences to be drawn therefrom, in the light most favorable to the government, a rational factfinder could reasonably have found the defendant guilty of the crime charged beyond a reasonable doubt. *See United States v. Burkley*, 513 F.3d 1183, 1188, 1190 (10th Cir. 2008); *United States v. Chavez-Palacios*, 30 F.3d 1290, 1293-94 (10th Cir. 1994); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

In conducting this inquiry, the court may neither assess witness credibility nor weigh the evidence presented to the jury. *United States v. Delgado-Uribe*, 363 F.3d 1077, 1081 (10th Cir. 2004); *United States v. Avery*, 295 F.3d 1158, 1177 (10th Cir. 2002). The evidence necessary to support a verdict need not conclusively exclude every other reasonable hypothesis and need not negate all possibilities, except guilt. *United States v. Serrata*, 425 F.3d 886 (10th Cir. 2005). Instead, the evidence only has to reasonably support the jury's finding of guilt beyond a reasonable doubt.

**III.    Discussion.**

    **A.     The evidence was sufficient to convict Mr. Whittaker of conspiracy to possess with intent to distribute 100 kilograms and more of marijuana in violation of 21 U.S.C. §846.**

In order to convict a defendant of conspiracy under § 846, the government must establish (1) two or more persons agreed to violate the federal drug laws; (2) the defendant knew the essential objective of the conspiracy; (3) the defendant knowingly and voluntarily involved himself in the conspiracy; (4) there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within

the scope of the conspiracy charged; and (5) the overall scope of the conspiracy involved the charged quantity of drugs, which in this case was 100 kilograms and more of marijuana.[1] *See* Tenth Circuit Pattern Jury Instructions (Criminal) § 2.87 (2006); *see also United States v. Wright*, 506 F.3d 1293, 1297-98 (10th Cir. 2007).

Mr. Whittaker contends that the government failed to establish that he entered into an agreement to violate the drug laws, that he knew of the objective of the conspiracy, or that he knowingly involved himself in a conspiracy to possess the marijuana, which was hidden inside a secret compartment in the trailer component of the tractor-trailer. A review of the evidence adduced at trial establishes that a rational factfinder could reasonably have found these elements beyond a reasonable doubt.

"A jury can infer an agreement constituting a conspiracy from the acts of the parties and other circumstantial evidence indicating concert of action for the accomplishment of a common purpose." *United States v. Scull*, 321 F.3d 1270, 1282 (10th Cir. 2003) (quotations omitted). Although there is no direct evidence of an agreement, the following circumstantial evidence, together with reasonable inference drawn therefrom, viewed in the light most favorable to the government, supports the jury's finding that there was an agreement between Mr. Whittaker and Mr. Reynolds to possess with intent to distribute the marijuana.

Dwight Brown, the owner of the tractor-trailer, testified under oath at trial that, when Mr. Whittaker and Mr. Reynolds left Covington, Georgia with the tractor-trailer on May 9, 2008, the trailer, which was a refrigerated trailer or "reefer" unit, did not contain a false wall, a hidden compartment, or any quantity of marijuana. After arriving in Arizona on May 12, 2008, both Mr.

---

[1] Agent Joseph Montoya of the United States Drug Enforcement Agency, testified that the marijuana found in the hidden compartment had a net weight of 1100 pounds.

Whittaker and Mr. Reynolds had access to the reefer unit until the morning of May 16, 2008. From this evidence, the jury could infer that they had sufficient time to construct the hidden compartment inside the reefer unit and load the marijuana.

Officer Ben Strain testified under oath at trial that, when he first encountered Mr. Whittaker and Mr. Reynolds in the tractor-trailer on May 16, 2008, the seal was missing from the rear of the reefer unit, but the bills of lading indicated that a seal was attached by Shamrock Farms earlier that same day. Moreover, David Johnson, a Shamrock Farms employee, testified under oath at trial that he placed numbered seals on the reefer unit after he loaded, and partially unloaded, the reefer unit with milk on May 16, 2008. This evidence suggests that, at some point between the time when Mr. Whittaker and Mr. Reynolds left Shamrock Farms for the second time on May 16, 2008, and when they arrived at the Lordsburg Port of Entry later that day, they accessed the inside of the reefer unit.

Additionally, Nichole Larmond testified at trial that she had met both Mr. Whittaker and Mr. Reynolds approximately one year before and they appeared to be good friends at that time. Based on this evidence, and reasonable inferences drawn therefrom, the jury could have reasonably concluded that Mr. Whittaker and Mr. Reynolds had an agreement to possess with intent to distribute the marijuana.

The evidence also supports an inference that Mr. Whittaker knew the objective of the agreement was to possess with intent to distribute the marijuana. "To prove knowledge of the essential objectives of a conspiracy, the government does not have to show the defendant knew all the details or all the members of a conspiracy. Rather, the government only needs to demonstrate the defendant shared a common purpose or design with his alleged coconspirators." *United States v. Yehling*, 456 F.3d 1236, 1240 (10th Cir. 2006) (quotation omitted).

Mr. Brown testified that there was no marijuana in the trailer when it left Georgia on May

4

9, 2008. David Gomez, an employee of Edge Truck Repair in Phoenix, testified under oath at trial that the tractor was brought in for repairs as early as May 12, 2008, and picked up and paid for by a Mexican person on May 15, 2008. Mr. Gomez testified that no work was performed on the reefer unit.

Josh Lundquist, Service Manager at Edge Truck Repair, testified under oath at trial that the tractor was brought in by a Mexican person and the tractor remained in the repair shop for three to four days. According to Mr. Lundquist's trial testimony, the Mexican man who brought in the tractor requested a price for servicing the reefer unit. However, the reefer unit was not dropped off at the repair facility and no work was performed on the reefer unit. From this testimony, the jury could surmise that Mr. Whittaker and Mr. Reynolds retained custody of the reefer unit while the tractor was in the repair shop. This evidence supports the inference that Mr. Whittaker and Mr. Reynolds were involved in the construction of the secret compartment and the loading of the marijuana at some point during the period of May 12-16, 2008.

David Johnson, the Shamrock Farms employee, testified under oath at trial that, when he loaded the milk on the reefer unit on the morning of May 16, 2008, the load extended further back than expected. From this testimony, the jury could infer that the secret compartment took up more of the space inside the trailer than a trailer without a false wall. Two or three hours after the milk was loaded and the reefer unit was sealed, Mr. Whittaker and Mr. Reynolds returned and informed Shamrock Farms that the reefer unit was overweight by 1600 pounds. Mr. Johnson removed some of the milk and resealed the reefer unit. From this testimony, the jury could infer that the hidden marijuana caused the trailer to weigh more than the trailer would have weighed had it not contained over half a ton of marijuana. This evidence underscores the reasonableness of the inference that Mr. Whittaker, as the driver of the tractor-trailer, was aware of these discrepancies.

Sufficient evidence also supports the conclusion that Mr. Whittaker knowingly and voluntarily participated in the conspiracy. A "defendant's participation in or connection to the conspiracy need only be slight." *United States v. Johnston*, 146 F.3d 785, 789 (10th Cir. 1998). Notably, "it is generally sufficient for purposes of a single-conspiracy finding that a conspirator knowingly participated with a core conspirator in achieving a common objective with knowledge of the larger venture[.]" *United States v. Eads*, 191 F.3d 1206, 1210 (10th Cir. 1999) (quotation omitted).

While mere presence at the scene of a crime is not enough to support this element of a conspiracy conviction, *see United States v. Summers*, 414 F.3d 1287, 1297 (10th Cir. 2005), there is considerable evidence of Mr. Whittaker's knowledge and voluntary participation beyond mere presence in the loaded truck. The jury was therefore entitled to reasonably conclude that this element of the crime of conspiracy was satisfied.

The trial testimony, taken in the light most favorable to the government, supports an inference that Mr. Whittaker and Mr. Reynolds had access to the reefer unit from the time that the tractor was dropped off for repairs on May 12, 2008 until it was picked up on May 16, 2008. The seal placed on the trailer when it left Shamrock Farms the second time on May 16, 2008 was not on the reefer unit when Mr. Whittaker and Mr. Reynolds entered the Lordsburg Port of Entry later that day. A rational jury could reasonably infer that Mr. Whittaker and Mr. Reynolds accessed the reefer unit during the course of their trip and Mr. Whittaker was familiar with the essential objectives of the drug conspiracy.

Discrepancies in the evidence could support a different conclusion. However, under the Rule 29 standard, I may neither assess witness credibility nor re-weigh the evidence presented to the jury. *United States v. Avery*, 295 F.3d at 1177. Instead, I must "simply determine whether the evidence,

6

if believed, would establish each element of the crime." *United States v. Delgado-Uribe*, 363 F.3d at 1081 (quotation marks and citation omitted). Application of this standard leads to the conclusion that the evidence supports the jury's verdict that Mr. Whittaker conspired to commit possession with intent to distribute 100 kilograms and more of marijuana.

> **B.    The evidence was sufficient to convict Mr. Whittaker of possession with intent to distribute 100 kilograms and more of marijuana in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B) and aiding and abetting in violation of 18 U.S.C. § 2.**

In order to convict a defendant of possession with intent to distribute marijuana under § 841, the government must establish (1) the defendant knowingly or intentionally possessed a controlled substance; (2) the defendant possessed the substance with the intent to distribute it; and (3) the weight of the marijuana the defendant possessed was at least 100 kilograms, as charged. *See* Tenth Circuit Pattern Jury Instructions (Criminal), § 2.85 (2006); *see also United States v. Triana*, 477 F.3d 1189, 1194 (10th Cir. 2007); *United States v. Bowen*, 437 F.3d 1009, 1014 (10th Cir. 2006). Mr. Whittaker challenges the evidence supporting the jury's finding that he knowingly possessed the marijuana. A review of the evidence adduced at trial establishes that a rational factfinder could reasonably have found proof of this element beyond a reasonable doubt.

Possession may be established in two ways: The government may prove either that a defendant had actual, physical possession of the substance, or that he "constructively" possessed it. *United States v. Reece*, 86 F.3d 994, 996 (10th Cir. 1996). This case presents a question of constructive possession. Such possession exists when a person "knowingly holds the power and ability to exercise dominion and control over [the contraband at issue]." *United States v. Lopez*, 372 F.3d 1207, 1211 (10th Cir. 2004) (citations omitted). "With regard to narcotics, [the Tenth Circuit has] defined constructive possession as an appreciable ability to guide the destiny of the drug." *United States v. Ramirez*, 479 F.3d 1229, 1250 (10th Cir. 2007) (quoting *United States v. Culpepper*,

834 F.2d 879, 881 (10th Cir. 1987)). More than one individual may have constructive possession of the same contraband. *Id*.

As one of two members of a drug conspiracy transporting a sizeable load of marijuana, Mr. Whittaker had "an appreciable ability to guide the destiny" of the marijuana. Mr. Brown testified under oath at trial that the trailer contained neither a hidden compartment nor marijuana when it left his possession in Georgia on May 9, 2008. Mr. Reynolds and Mr. Whittaker testified that they had access to the reefer unit from May 9-12, 2008. Mr. Gomez and Mr. Lundquist testified that only the tractor was present at the repair facility during the period of May 12-16, 2008, and that the reefer unit was not dropped off for repairs. On May 16, 2008, over half a ton of marijuana was found in a hidden compartment constructed inside the trailer. This evidence, as well as the reasonable inferences drawn therefrom, supports the jury's finding that Mr. Whittaker and Mr. Reynolds built the hidden compartment and placed the marijuana into the secret compartment inside the reefer unit sometime between when they left Covington, Georgia on May 9, 2008, and when they were arrested at the Lordsburg Port of Entry on May 16, 2008.

This finding is especially pertinent given the fact that Mr. Brown initially instructed Mr. Whittaker and Mr. Reynolds to make only two stops on their trip; the first was to drop off the load of grapes in Casa Grande, Arizona, and the second was to pick up the load of milk at Shamrock Farms in Phoenix, Arizona for the return trip. Notably, the only other stop on the trip, which was at the service center in Arizona, was scheduled only after Mr. Whittaker and Mr. Reynolds called Mr. Brown to report mechanical problems with the tractor. The unexpected stop allowed Mr. Whittaker and Mr. Reynolds to retain access to the trailer from May 12, 2008 to May 16, 2008. Construed in the light most favorable to the government, this evidence would allow the jury to infer that Mr. Whittaker and Mr. Reynolds constructed the false wall and loaded the marijuana during

these four days.  The evidence was sufficient to show constructive possession and supports Mr. Whittaker's conviction for possession with intent to distribute the marijuana.

Mr. Whittaker argues that the evidence is insufficient to support the jury's finding that he aided or abetted someone in the possession with intent to distribute the marijuana.  In order to prove that a defendant aided and abetted the commission of a crime, the government must establish that the defendant willfully associated himself with the criminal venture and sought to make the venture succeed through some action of his own.  *United States v. Isaac-Sigala*, 448 F.3d 1206, 1213 (10th Cir. 2006) (citing *United States v. Leos-Quijada*, 107 F.3d 786, 794 (10th Cir. 1997)).  As with conspiracy, "[p]articipation in the criminal venture may be established by circumstantial evidence," but unlike conspiracy, "the level of participation may be of 'relatively slight moment.'" *Leos-Quijada*, 107 F.3d at 794 (quoting *United States v. McKneely*, 69 F.3d 1067, 1072 (10th Cir. 1995)).  In this case, Mr. Whittaker's participation in the smuggling operation surpasses the minimal requirement of participation for a "slight moment."  This determination is underscored by the fact that the record amply supports the jury's conclusion that Mr. Whittaker took some act to facilitate the criminal purpose of possession with intent to distribute marijuana.  In sum, the evidence is sufficient to support the conviction for aiding and abetting under 18 U.S.C. § 2.

**IV.     Conclusion.**

Viewing the evidence and all reasonable inferences therefrom in the light most favorable to the government, there is sufficient evidence to support the jury's verdict convicting Mr. Whittaker of both Count I and Count II.  The motion will be denied.

**WHEREFORE,**

      **IT IS ORDERED** that Defendant Whittaker's Motion for Judgment of Acquittal Pursuant to Federal Rule of Criminal Procedure 29 (Doc. 77), filed on August 26, 2008, is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**